JULIA SULLIVAN, Appellant, *v.* THE TRADERS' INSURANCE COMPANY OF CHICAGO, Respondent.

| 169 | 213 |
| 75 AD | 229 |

PLEADING — WHEN LEGAL AND EQUITABLE RELIEF MAY BE HAD IN ONE ACTION UNDER CODE OF CIV. PRO. § 3339.   When in an action to recover damages upon an alleged policy of fire insurance the defendant sets up as a defense an award of damages made by appraisers, to which plaintiff replies denying the making of the award and that if made it was obtained by fraud and was void, and the defendant does not return the reply or raise any question upon the trial as to its contents, the plaintiff, although the reply was unnecessary, has the right to establish the facts set forth therein. and it is error to exclude evidence thereof and dismiss the complaint upon the ground that the award being regular upon its face it was binding upon the parties, and that the question of fraud could not be litigated in the action.

*Sullivan* v. *Traders' Ins. Co.*, 45 App. Div. 631, reversed.

(Argued November 15, 1901; decided December 20, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 15, 1899, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Denis O'Sullivan* for appellant.   An award stands upon the same footing as a judgment with respect to the power of a court of equity to relieve against it, but the manner of obtaining that relief is different.   The plaintiff in this action could not review in any direct proceedings the determination of the appraisers.   She could not appeal from their decision or move for a retrial, as in the case of a judgment, and she could not, upon certiorari, review and correct their decision. (*Heiser* v. *Mayor*, etc., 104 N. Y. 73.)   The plaintiff in framing her complaint was not bound to assume that the defendant would interpose as a defense to her complaint the award

set up in the answer, and she was in no manner obliged to anticipate such defense by any allegations in her complaint. (*Arthur* v. *H. F. Ins. Co.*, 78 N. Y. 467.) The reply in this action was unnecessary, as the plaintiff under her complaint alone should have been allowed to introduce any competent and proper testimony to impeach the award. (Code Civ. Pro. §§ 500, 514, 516, 519, 522; 1 Burrill's Treatise [2d ed.], 162, 170, 181; Van Santvoord's Pl. [Ed. of 1852] 338, 339.) The plaintiff in this action stands in the same position with respect to giving evidence attacking the award as if the defendant were plaintiff and were trying to enforce the same. (1 Saunders' Pl. & Ev. [Ed. of 1837] 186; Willard's Eq. Juris. [Potter's ed.] 165.) The complaint and the reply must be construed together as one pleading, although in this case a reply was not necessary. (*Raplee* v. *Wilkin*, 5 N. Y. W Dig. 560.)

*A. H. Sawyer* for respondent. The agreement alleged in the plaintiff's complaint, to insure the plaintiff in the sum of $4,000 and to deliver a policy to her for that amount, was an agreement to issue and deliver a policy with the usual terms and conditions contained in policies of insurance issued by the defendant at that time. (*Hicks* v. *B. A. Assur. Co.*, 162 N. Y. 284; L. 1886, ch. 720, § 2.) The award made by the appraisers was a complete bar to an action brought upon the policy or the agreement for insurance, and no such action could be maintained until such award had been set aside and vacated in an action brought for that purpose. (*Strome* v. *L. Assur. Corp.*, 20 App. Div. 571; *Fleming* v. *P. Assur. Co.*, 75 Hun, 530; *R. P. Co.* v. *L. Assur. Corp.*, 12 App. Div. 219.) Under the statement made by counsel upon the trial of this action the plaintiff could not have set aside the award even had an action been brought in proper form for that purpose. (*R. P. Co.* v. *L. Assur. Corp.*, 12 App. Div. 218; *Strome* v. *L. Assur. Corp.*, 20 App. Div. 571; *Perkins* v. *Giles*, 50 N. Y. 228; *Masury* v. *Whiton*, 111 N. Y. 679.)

HAIGHT, J.   This action was brought to recover damages, occasioned by fire upon plaintiff's premises, upon an alleged contract of insurance.   The answer, among other defenses, alleged that after the fire the parties entered into an agreement in writing by which they selected appraisers to determine the amount of loss sustained by the plaintiff, and that the appraisers estimated and appraised the sound value of the property and the damages sustained by the fire, and agreed that the damage to the property was the sum of $49.60, and thereupon they made, executed and delivered their appraisal and award in writing at that sum.   The plaintiff replied thereto, denying upon information and belief that there was any appraisal made, executed or delivered by the appraisers as mentioned in the answer, and further, that if any appraisal had been made, it was obtained by fraud and artifice and was a false, fraudulent and void appraisement, nugatory and of no account.

Upon the trial the case was opened on behalf of plaintiff by her counsel, and then the defendant moved for a judgment on the pleadings on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that there was no allegation that notice of loss had been served on the defendant.   Leave was then granted to the plaintiff to amend the complaint in these particulars.   Thereupon a discussion took place with reference to the effect of the award alleged in the answer, after which the written award was produced and marked as an exhibit in the case.   The court then dictated to the stenographer what purports to be an offer on the part of the plaintiff to show that the award was inadequate ; that the arbitrators awarded but forty-nine dollars, and the actual damages were over one thousand dollars ; that one of the arbitrators was induced to sign the award without actually knowing what he was doing, and that two days afterwards he signed another award for eight hundred and fifty dollars damages ; that there was fraud in the execution of the arbitration because the arbitrators did not examine the property before making the award ; that the award does not represent the honest

judgment of the arbitrators; and that their acts were wrongful. The court thereupon excluded the evidence and dismissed the complaint, holding that the award being regular upon its face it was binding upon the parties, and that the claim that it was procured through fraud and artifice could not be litigated in this action. Exceptions were taken by the plaintiff to these rulings.

It is contended on behalf of the respondent that the award could not be annulled, except by an action brought for that purpose. It is conceded, however, that in an action brought to vacate and annul the award on the ground of fraud, an action upon a contract of insurance may be united therewith and a recovery had thereon in case the award is vacated. In this case the plaintiff's complaint is based upon the contract, and demands judgment for the damages sustained by reason of the fire. In her reply she has specifically denied that any award was ever made by the appraisers, and has also alleged that if such an award had been made, it was procured through fraud and artifice. It will thus be seen that by taking the complaint and the reply together all of the matters are alleged necessary for the obtaining of the relief to which the plaintiff may be entitled. It is claimed, however, that the reply served was unnecessary and improper. Assuming that it was unnecessary, it is not apparent that the defendant was injured thereby or deprived of any of its rights. It accepted the reply and did not return it or raise any question upon the trial with reference to its contents. The allegations of the answer in reference to the award were in the nature of a defense and not a counterclaim. No reply thereto was necessary unless the court in its discretion required the plaintiff to reply thereto. (Code C. P. § 516.) "Each material allegation of the complaint, not controverted by the answer, and each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true. But an allegation of new matter in the answer, to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party,

by traverse or avoidance, as the case requires." (Code C. P. § 522.) "There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished." (Code C. P. § 3339.)

In the case of *Bates* v. *Rosekrans* (37 N. Y. 409) the action was brought upon several promissory notes. The answer interposed what is claimed to be an equitable defense of payment. Upon the trial defendant insisted that he was entitled to judg-ment on the ground that the plaintiff did not reply to his answer. It was held that no reply was necessary, and that the plaintiff had the right to show that his notes had not, in fact, been paid. In the case of *Arthur* v. *Homestead Fire Ins. Co.* (78 N. Y. 462) an action had been brought based upon a policy of insurance, and the defense interposed was that the property insured was incumbered by a mortgage which was not mentioned in the application for insurance. Upon the trial the plaintiff offered to show that the defendant's agent who made out the application was informed of the existence of the mortgage, and that it was omitted by him from the application by mistake. The court excluded the evidence and the plaintiff was nonsuited. This action was then brought to reform the application. It was held that the evidence excluded in the first action was proper and should have been received; that the nonsuit was improper, and that this action was unnecessary. In the case of *Smith* v. *Salomon* (7 Daly, 216) the complaint was for the balance of the contract price of goods sold and delivered. The answer alleged a composition agreement to accept 50 per cent of the contract price as full payment, and that the amount agreed upon had been paid. Upon the trial plaintiff offered evidence to the effect that the compromise agreement was procured and induced by fraud. Upon motion the complaint was dismissed, the court holding that the plaintiff must proceed by separate action to set aside the agreement. Upon review the judgment was reversed. Daly, Ch. J., in delivering the opinion of the court, said: " I can see no reason why

he (plaintiff) should be put to an equitable action. He is seek-
ing no remedy as against the trustee, or as against the assigned
property. He is merely seeking in this action to enforce the
payment of the whole debt upon the ground that the defend-
ants have never been discharged from it, they having by false
and fraudulent representations induced the plaintiff to sign the
composition deed. As between the plaintiff and the defend-
ants this question of fraud may as well be passed upon in this
action as in any other. The court has all the necessary parties
before it that will or can be affected by the judgment whether
it is rendered for the plaintiff or for the defendants, and I see
no reason why the plaintiff should be turned over to an action
for deceit, or any other form of action, but the one brought to
determine whether the defendants are, as between them and
the plaintiff, discharged from the payment of the residue of
the debt."

Under the provisions of the Code to which we have alluded
new matter set forth in the answer by way of defense is
deemed controverted by the adverse party by traverse or
avoidance, as the case requires. It, consequently, was the
privilege of the plaintiff not only to show that an award had
not been made, but, if made, to also show any facts which
would avoid it. No reply was necessary unless the court
required it, but this provision does not deprive the plaintiff of
the privilege of replying if he so desired, and thus in advance
advising the defendant of the claim that will be made to the
new matter alleged in the answer. There is but one form of
action. The distinction between actions at law and suits in
equity has been abolished.

It is now claimed that the award could not have been set
aside if the evidence offered had been received. We have
already stated the offer as dictated by the court; counsel for
the respective parties appear to have taken but little part in
the trial. The conduct of the case was taken in hand by the
trial judge, who assumed to make up a record for the plaintiff.
Under the circumstances, we do not feel called upon to con-
strue the offer too strictly. As we have seen, the offer was

to show not only that the award was inadequate, but that one
of the arbitrators was induced to sign it without knowing its
contents, and that two days thereafter he signed another award
for $853 ; that the arbitrators did not examine the property ;
that their acts were wrongful and their judgment not honest.
If their acts were wrongful and their judgment not honest,
there must have been fraud and a case presented which called
for a trial.

We are of the opinion that the plaintiff had the right in
this action to establish, if she could, that the award was pro-
cured through fraud and artifice, and that the judgment
should be reversed and a new trial granted, with costs to abide
the event.

VANN, J. (dissenting).    I dissent.    While the equities sug-
gest a reversal, the law requires an affirmance.    The object
of pleadings is to apprise the opposite party of what he has
to meet.    The complaint sets forth a strict action at law for
the recovery of money only upon a policy of fire insurance.
The answer alleges no counterclaim, but sets forth new mat-
ter constituting a defense by way of avoidance.    No reply
was required and the one served was irregular and might
have been stricken out on motion.    While the court, in its
discretion, could have required a reply, it would, in that
event, have been "subject to the same rules as in the case of
a counterclaim."    (Code Civ. Pro. sec. 516.)    Those rules
limit a reply to a denial, direct or indirect, when the answer
does not allege a counterclaim.    (Sec. 514.)    While they per-
mit the allegation of "new matter, not inconsistent with the
complaint, constituting a defense to the counterclaim," they
do not permit the allegation of new matter to prop up the
complaint.    Such a pleading would be illogical and subver-
sive of the primary rules governing the subject, for it would
in effect be an indirect amendment of the complaint.    A reply
can perform no such function.    It cannot set forth a new cause
of action, however closely related it may be to the one alleged
in the complaint. for its province is not to obtain affirma-

tive relief, but to act by way of defense. It would be inconsistent with the complaint, for it would be a departure from the cause of action set forth therein. A recovery must be based upon the cause of action alleged in the complaint, and a reply setting up a different cause of action from that so alleged "is bad for departure." (6 Enc. of Pl. and Pr. 461.) "The office of a replication or reply is to meet the allegations of the plea or answer, and it cannot, in ordinary cases, introduce, as a basis for affirmative relief, matter enlarging the grounds upon which recovery was originally sought." (Id.) "'After a plea of 'no award,' if a defendant rejoins impeaching the award as incomplete, or confessing and avoiding it, or claiming that the award was not properly tendered, the rejoinder will be bad for departure from the plea." (Id. 464.) In an action at law upon a written instrument for the payment of money only when the answer is in avoidance, a reply cannot be lawfully served unless required by the court, and then it must be consistent with the complaint and cannot set forth an action in equity to aid the action at law by setting aside an award, which, unless set aside, would be fatal to a recovery. That would be a new cause of action to be set forth in an amended complaint, for it has no place in a reply.

Section 522 does not enable a plaintiff, without any pleading, to convert an action at law into a suit in equity, nor allow evidence to be given which would permit the court to set aside an award for fraud, because it was an obstacle to recovery on an instrument in writing, upon which alone the complaint was predicated without any suggestion of further relief. That section simply provides that new matter in an answer to which a reply is not required "is to be deemed controverted by the adverse party," without further pleading. Its object was to put at issue, by operation of law, all allegations of new matter contained in the answer, but not to enlarge the complaint by incorporating the reply therein, and by thus uniting the two pleadings to set forth a cause of action not even suggested in the complaint.

While the affirmance of the judgment may mean final

·defeat to the plaintiff, I cannot vote for reversal, because it would bring confusion to the law of pleading and *lex citius tolerare vult privatum damnum quam publicum malum.*

O'BRIEN, BARTLETT, MARTIN and LANDON, JJ., concur with HAIGHT, J. VANN, J., reads dissenting opinion. PARKER, Ch. J., takes no part.

Judgment reversed, etc.