(39 Misc. Rep. 87.)

**TOWNSEND et al. v. GREENWICH INS. CO. et al.  SAME v. CONTINENTAL INS. CO. et al.  SAME v. HANOVER FIRE INS. CO. et al.**

(Supreme Court, Trial Term, Nassau County.  October, 1902.)

1. INSURANCE—AWARD—PAROL EVIDENCE.

Where the owners of property destroyed by fire, the mortgagee, and the insurers entered into a written agreement to appraise a loss on such property, followed by award and payment thereof, it cannot be varied by parol evidence that, at the time it was executed, the agent of the insurers promised the owners that a certain sum would be allowed without dispute, and the appraisal would be confined to determining whether more than that sum should be allowed as the amount of the loss.

2. SAME—FRAUD.

Where the terms of an agreement to submit a loss under an insurance policy to arbitration are understood, fraud cannot be based on a promise made to induce the making of such agreement.

3. SAME—PAYMENT OF AWARD—RESCISSION.

Where an award has been made on a loss under an insurance policy, and paid, an action cannot be maintained on the policy unless plaintiffs first rescind and restore the amount, though it was paid to a mortgagee of the premises.

Actions by Charles De Kay Townsend and others against the Greenwich Insurance Company and Louise C. Blythe, against the Continental Insurance Company and said Blythe, and against the Hanover Fire Insurance Company and said Blythe.  Judgment for defendants.

The complaints allege a total loss, compliance with all the terms of the policies, etc., and that they were by their terms payable to the defendant, Blythe, who holds a mortgage for $20,000 on the premises, and that she is made a defendant because she refused to join with the plaintiffs in bringing the action.  The answers plead that after the loss the plaintiffs and the said mortgagee and the defendant companies entered into an appraisal agreement in writing to fix the amount of the loss, and that the appraisers fixed the amount, viz., $4,156.58, by their award in writing, and it was paid to and received by the said mortgagee.

William D. Gaillard and Mortimer S. Brown, for plaintiffs.
Michael H. Cardozo, for defendants.

GAYNOR, J.  When the defendants had put in evidence the written appraisal agreement and the award thereunder, and proved payment of such award, viz., $4,156.58, to the mortgagee, i. e., the defendant Blythe, as required by the policies, the plaintiffs gave evidence that prior to and at the time of the execution of such appraisal agreement the agent of the defendant companies stated to them and orally agreed in substance that notwithstanding the said written appraisal agreement was in general terms for the ascertaining of the amount of the loss, $6,000 would be allowed without dispute, and the appraisal would be confined to determining whether more than $6,000 should be the amount of the loss, the plaintiffs claiming $7,000, which was the total insurance by the three companies; and that they were induced thereby to execute such written agreement.  Strangely enough, neither side to the arbitration communicated such oral ar-

rangement to the appraisers, but left them to act under the terms of the written agreement, which required them to ascertain and appraise the actual loss as they should find it, and they found it to be less than $6,000, viz., $4,156.58. The jury found by special verdict that such oral agreement was made, and the cash value of the building at the time of the destruction to have been $9,000. All questions of law were reserved, and both sides move for judgment, the defendants having also moved for a direction of a verdict in their favor at the close of the evidence, which was reserved until after verdict.

1. The oral evidence, received under objection and exception by the defendants, varied the written appraisal agreement, which was that the appraisers should appraise and ascertain the actual loss. Such agreement was complete on its face and covered the whole subject. If the understanding was that the award had to be at least $6,000 it needed to be in the written agreement. It was in no sense collateral; it was essentially of the subject matter of the appraisal. The oral evidence was therefore incompetent and must be disregarded. Wilson v. Deen, 74 N. Y. 531.

2. The oral evidence was not sufficient to show fraud or mutual mistake by the defendant companies. There was no mistake at all about the written agreement; the plaintiffs concededly knew its contents thoroughly. Fraud cannot be predicated upon the promissory statement of the agent of the companies that the appraisal would be confined to whether the loss was more than $6,000. Ex parte Fisher, 18 Wend. 608.

3. There was no issue of fraud or mistake on the pleadings. The complaint did not seek to have the arbitration agreement annulled; it was simply a complaint in a common law action to recover the amount of the policy. A defendant cannot be made to meet an issue of fraud or mistake in the making of a contract unless it be tendered to him by the complaint. In Sullivan v. Insurance Co., 169 N. Y. 213, 62 N. E. 146, a reply alleging fraud by appraisers in the making of an award, which was pleaded as a defence, was allowed to eke out the complaint which contained no such allegation but was like the present one. There is no reply here; and besides that case is generally understood to be a border one, and not to serve as a precedent except in an exactly similar case.

4. Finally, in order to maintain this action, which is one at law, the plaintiffs had first to rescind and restore the amount they had received; and to maintain a suit in equity to set aside the written appraisal agreement and the award thereunder they would have to offer in their complaint to restore the amount received, and also tender it to the defendant companies in court at the opening of the trial. That the amount of the award was not paid directly to the plaintiffs, but to their mortgagee in reduction of the mortgage, does not make a difference. It was paid for their account and benefit. They cannot retain it and take the chance of getting more. They must first restore it, and take the chance of getting less. Gould v. Bank, 86 N. Y. 75, 99 N. Y. 333, 2 N. E. 16; Remington Paper Co. v. London Assur. Corp., 12 App. Div. 218, 43 N. Y. Supp. 431.

Judgment for the defendants.