## McROY CLAY WORKS v. NAUGHTON et al.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. PLEADING—FEDERAL QUESTION—AVERMENT IN PETITION—PRACTICE.
   Where a plaintiff seeks to avoid the application of an act of the state Legislature which will defeat his claim, on the ground that it is in violation of the United States Constitution, an allegation in the complaint that the act is unconstitutional properly presents the federal question involved, and cannot be stricken out as irrelevant.
   Hatch and Patterson, JJ., dissenting.

Appeal from Special Term, New York County.

Action by McRoy Clay Works against Bernard Naughton and others. From an order granting defendants' motion to strike out certain portions of the amended complaint as redundant and evidentiary, plaintiff appeals. Modified.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Joseph M. Gazzam, Jr., for appellant.
Emmett J. Murphy, for respondents.

INGRAHAM, J.   Assuming that it would not be necessary that it should appear by the pleadings that a federal question is presented in order to have that question considered by the federal courts, it is not disputed but that it must appear by the record that the question was presented to the court when the case was tried; and it seems to us that in such a case the proper method is to present the question by a proper allegation in the pleadings. That course has been ap-

proved by the Supreme Court of the United States. If the defendant relied upon the unconstitutionality of an act upon which the plaintiff's claim was based, it certainly would not be improper to allege in the answer that the act was unconstitutional; and, where a plaintiff seeks to avoid the application of an act of the state Legislature which would defeat his claim upon the ground that it is in violation of the Constitution of the United States, it seems to me to be the better practice to allege in the complaint that such act was unconstitutional. No reason is given why such a practice ought not to be encouraged. On the contrary, it fairly presents in a concise and proper way the federal question that is involved and of which a determination is sought. Certainly, such an allegation is not irrelevant or redundant, and, as the plaintiff cannot raise the question by reply, he should be allowed to set it up in the complaint. For that reason the order appealed from should be modified so as to restore paragraphs 16 and 17 of the complaint, which were stricken out, and, as so modified, affirmed, with $10 costs and disbursements to abide the final event.

O'BRIEN and LAUGHLIN, JJ., concur.

HATCH, J. (dissenting). In the original complaint it was averred that the plaintiff is a foreign corporation and has its principal office for the transaction of business in the city of New York; that it sold to the defendants at New York certain conduits at the agreed price of $100, to be delivered f. o. b. cars at Brazil, Ind. Then followed the usual allegations of performance on the part of the plaintiff and nonpayment on the part of the defendants. Answering the complaint, the defendants averred that the plaintiff has not complied with section 15 of the general corporation law (Laws 1892, p. 1800, c. 687), in that it had failed to file the certificate therein required. The plaintiff, after answer, served an amended complaint, and alleged that it is a foreign corporation with its principal office in the state of Indiana; that it has a selling agent in the city of New York; that such agent sold the conduits in question to the defendants, to be delivered f. o. b. cars at Brazil, Ind.; that plaintiff does no manufacturing whatever in the state of New York; and that the law compelling the filing of a certificate, as provided by section 15 of the general corporation law of the state of New York, is a violation of the interstate commerce law, and is therefore unconstitutional. The defendants then made a motion asking to have stricken from the complaint all those portions which alleged the unconstitutionality of section 15 of the general corporation law and the allegations averred by way of inducement leading thereto. From the order granting this motion this appeal is taken.

It is evident that the matter stricken out from the amended pleading constitutes no part of, nor is it essential to, a statement of the cause of action. The matter contained in the original complaint and the matter which remains in the amended complaint state a complete cause of action, and nothing further is needed to supply any

defect, or more clearly evidence the cause of action which is claimed to exist. The answer of the defendant does not aver a counterclaim, and therefore no reply is needed. It contains new matter, but, as a reply is not required, such matter is deemed to be controverted by the plaintiff by traverse or avoidance, as the case requires. Code Civ. Proc. § 522. No reply is authorized in such a case upon the part of the plaintiff. It is the defendant alone who is given authority to apply to the court to compel a reply to the new matter. Code Civ. Proc. § 516; Deering v. City of New York, 51 App. Div. 402, 64 N. Y. Supp. 606; Avery v. N. Y. C. & H. R. R. Co., 24 N. Y. St. Rep. 918, 6 N. Y. Supp. 547; Sterling v. Met. Life Ins. Co., 6 N. Y. St. Rep. 96.

It is earnestly insisted, however, that under the issue raised by the answer of the defendant a federal question is presented, and that the plaintiff, in order to raise such question so as to make it available in the federal courts, must aver the same in the complaint, or it will be precluded from raising the same or presenting it for review therein. We think such claim is unfounded. Section 709 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 575] provides that a federal question is not presented unless such question be "specially set up or claimed" in the state court. This statute has been the subject of examination by the Supreme Court of the United States many times, but it has never been held, so far as we are able to find, that thereunder a federal question could not be raised unless it was presented by the pleadings in the action. Such is not the language of the statute, nor of the authorities construing it. Many of the cases bearing upon such question are reviewed in Oxley Stave Co. v. Butler County, 166 U. S. 648, 17 Sup. Ct. 709, 41 L. Ed. 1149. Therein it was held, as stated in the syllabus:

"The words 'specially set up or claimed' in that section imply that if a party in a suit in a state court intends to invoke for the protection of his rights the Constitution of the United States or some treaty, statute, commission, or authority of the United States, he must so declare; and unless he does so declare 'specially,' that is, unmistakably—this court is without authority to re-examine the final judgment of the state court. This statutory requirement is not met if such declaration is so general in its character that the purpose of the party to assert a federal right is left to mere inference."

The declaration therein referred to is not limited to the pleading, and refers not alone to its averments, but refers to the presentation of the question in the state court in any form authorized by law with sufficient clearness so that the court may see from an examination of the record that a federal question was presented and involved in the determination which was made. Thus, in Sayward v. Denny, 158 U. S. 180, 15 Sup. Ct. 777, 39 L. Ed. 941, it was stated by Mr. Justice Harlan to have been held that:

"Certain propositions must be regarded as settled, among which were that 'the title, right, privilege, or immunity must be specially set up and claimed at the proper time and in the proper way,' and that the 'right on which the party relies must have been called to the attention of the court in some proper way, and the decision of the court must have been against the right claimed.'"

In Foster's Federal Practice ([3d Ed.] section 500, p. 1186) it is stated:

"When it is desired to secure the right to review the decision of a state court in the Supreme Court of the United States, it is the safer practice to make it appear distinctly on the record, by a statement, either in the pleadings, or as the ground of an objection to the admission of evidence, or in support of an offer of evidence or of a request to charge, that a federal question is involved. This is not, however, indispensable, if the Supreme Court can see by an examination of the record that the federal question was raised and decided adversely to the plaintiff in error. The opinion of the state court, properly authenticated, may be examined to see what questions were decided. A certificate of the presiding justice of the state court or a certificate of that court may also be examined for that purpose."

The authorities cited by the learned author abundantly sustain the statement contained in the text. It is evident, therefore, that the plaintiff cannot be deprived of raising the federal question which he seeks to anticipate by his pleading upon the trial, as it may be presented by raising it at that time. All of its rights so to raise the question are preserved. The question may be clearly stated to the court in opposition to the proof offered to support the averments of the answer, or upon the motion for judgment, or in any other form as is usual in the trial of actions. Such question clearly and unmistakably stated to the court for its determination saves every right of the plaintiff in the premises. The attempt to aver it in the complaint is improper, and should not be encouraged.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements.

PATTERSON, J., concurs.