(98 App. Div. 208)

### REILLY v. PROVOST et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. ACTION FOR MONEY—OVERCOMING DEFENSE BY PROOF OF FRAUD.

In an action at law by an executor against his attorney, where defendant shows that plaintiff consented to and allowed the retention of the money by him for his services, plaintiff may show this was induced by deceit.

2. RES JUDICATA—EFFECT OF ORDER.

The unappealable order of a surrogate denying the motion of an executor to compel his attorney to pay money into court, being on the ground that the circumstances were not such as to so require punishment of the attorney, and that the remedy was in a different direction, is not conclusive against the right of the executor to recover the money in an action.

Appeal from Trial Term, Queens County.

Action by John Reilly against Andrew J. Provost and another. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jos. K. Murray, for appellant.
William B. Hurd, Jr., for respondents.

WOODWARD, J. The plaintiff is one of the executors of the will of one Jacob Michel, Charles Michel, defendant, being the other executor, and being made a defendant because of his refusal to join in the action. No relief is demanded against him. Andrew J. Provost, the actual defendant, was the attorney for Reilly and Michel, as executors under the will of Jacob Michel. The executors, acting under a power of sale contained in the will, sold the real estate constituting the estate of the decedent, and the proceeds of such sale—$7,000—were paid over to Provost as the attorney of such executors. He paid out of this sum various items of costs in previous litigations, and paid over to the executors $2,661.64, retaining to himself the sum of $1,899.50 for services alleged to have been rendered to such executors in defending previous actions, etc. There is no dispute upon these propositions, and it is not denied that the plaintiff has demanded payment of this sum from Mr. Provost, and that the same has been refused. The defendant proved, and this is not disputed, that he had refused to act for the executors except upon receiving assurances that he would be paid for his services; that, to meet this condition, the

plaintiff had taken an indemnity agreement from the children of the testator, all of whom were adults, by which the latter had agreed to reimburse the plaintiff for all expenditures made in certain litigation then pending, and in which the defendant Provost was employed; that the executors had consented to and directed the payment of this $1,899.50 out of the $7,000 realized upon the sale of testator's real estate; that the executors rendered to the surrogate an account of the $7,000, in which they recognized the claim of the attorney to $1,899.50, but which claim the learned surrogate refused to pass upon or to recognize in ordering distribution of the fund; that on the hearing upon that accounting the plaintiff testified that he had ordered the attorney to take the $1,899.50 out of the $7,000; that the plaintiff accepted from his said attorney a check for $2,661.64, and papers providing for the distribution among the three children of the testator of the balance left, after charging each with one-third of the attorney's claim of $1,899.50; and that the plaintiff afterward attempted by motion before the surrogate to compel the attorney to pay into the Surrogate's Court the amount in question, and that the motion was denied.

These facts, unless explained, the appellant concedes would constitute a complete defense to this action. He urges, however, that he offered to show that all of the matters contained in the documents in evidence and inconsistent with the plaintiff's claim—the signing and swearing to the executors' account, the allowing of the attorney to retain the money, etc.—were the result of deceit practiced upon the executors by their attorney, and he insists that the exclusion of this evidence by the court and the direction of a verdict for the defendants constituted reversible error. This proposition does not appear to be controverted by the defendants, and we are of opinion that under the authorities the appellant is right. Section 522, Code Civ. Proc.; Nesbit v. Jencks, 81 App. Div. 140, 145, 80 N. Y. Supp. 1085, and authorities there cited; Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 218, 62 N. E. 146.

But the respondent insists that the motion of the plaintiff in the Surrogate's Court to compel the defendant Provost to pay the money into court and the order denying that motion constitute an adjudication of the matters in controversy, and prevents a rehearing of that question in this action. The learned surrogate, in disposing of the motion, declared that the "only question before the court is, has the attorney been guilty of any neglect or violation of duty or other misconduct by which the rights or remedy of a party to a proceeding in this court may be defeated, impaired, impeded, or prejudiced, as defined in section 14 of the Code of Civil Procedure?" The order determined, not that the plaintiff was not entitled to have the money then in the hands of the defendant Provost, but that the latter, in retaining the money to his use, under the circumstances set forth in the affidavits on which the motion was heard, was not guilty of such neglect or violation of duty as to demand the exercise of the power of the court to punish. The

refusal of the learned surrogate to punish Provost for retaining the money under a claim of right did not affect any substantial right of the plaintiff, and the surrogate evidently appreciated this, for he says, "His remedy lies in a different direction." The order not affecting a substantial right of the plaintiff, who had a remedy in another direction, he was not authorized to appeal from the same (section 2570, Code Civ. Proc.); and, being a discretionary power, its denial could not operate to take away from the plaintiff any rights which he may have as against the defendant Provost. Subjecting a party to punishment affects a substantial right; but the refusal of the surrogate to punish a party alleged to have violated a duty in connection with the proceeding before him, unless the other party had a legal right, does not affect a substantial right (Carrington v. Florida Railroad Co., 52 N. Y. 583, 586), and it is not appealable under the section of the Code of Civil Procedure last above cited. The plaintiff, having been denied relief by summary proceedings where he had no right of appeal, could not be denied the right to have the question as to his right to the money determined in an action brought for that purpose. He is bound to show to the satisfaction of the jury that the payments made to the defendant Provost were brought about by fraud, in order to overcome the defense interposed and proved by the defendant; but he has a right to establish this fraud, if he can, under the pleadings as they stand, and it was error for the court to reject such evidence, and to direct a verdict against him. Sullivan v. Traders' Insurance Co., supra. And the mere fact that this action is in form an action at law will not operate to defeat this right. Sullivan v. Traders' Insurance Co., supra.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur; BARTLETT, J., in result.