In this connection the learned court was asked to charge the jury, that, if they "find that the plaintiff in putting his hand through the door of the pan at the time he received his injury knowingly violated a rule of the defendant, he cannot recover," and this request was refused; the court saying: "No, you may take that into consideration, gentlemen." Obviously the defendant was entitled to this instruction. There was no evidence that the defendant had ever acquiesced in any one disregarding the rule, and to say that a man can knowingly disregard a rule adopted for his safety, and charge the master for an injury growing directly out of the violation of that rule, is to hold a degree of liability which no adjudicated case has ever asserted, so far as we can discover; it would certainly violate every normal conception of justice and punish for the performance of a duty.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

JENKS, THOMAS, and CARR, JJ., concur.  HIRSCHBERG, P. J., dissents.

---

DAVIS CONFECTIONERY CO. v. ROCHESTER GERMAN INS. CO. OF ROCHESTER.

(Supreme Court, Appellate Division, Second Department.  December 30, 1910.)

PLEADING (§ 166*)—REPLY—ORDER REQUIRING ACCEPTANCE.

> Under Code Civ. Proc. §§ 514, 515, authorizing a voluntary reply by plaintiff to new matter set up in the answer only where the matter so set up is in its nature a counterclaim, section 516, providing that where the answer sets up new matter, not by way of counterclaim, but by way of avoidance, the court may in its discretion direct the service of a reply to the new matter set up in the answer, and section 522, providing that an allegation of new matter in the answer to which a reply is not required is to be deemed controverted by the adverse party, by traverse or avoidance as the case requires, an order directing the defendant to receive a reply to new matter alleged in the answer by way of avoidance is erroneous.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. § 166.*]

Appeal from Special Term, Westchester County.

Action by the Davis Confectionery Company against the Rochester German Insurance Company of Rochester, N. Y.  From an order granting a motion to direct defendant to receive a reply, defendant appeals.  Reversed, and motion denied.

Argued before HIRSCHBERG, P. J., and THOMAS, JENKS, WOODWARD, and CARR, JJ.

Robert J. Fox (Frederic C. Pitcher, on the brief), for appellant.
Alfred B. Nathan, for respondent.

CARR, J.  Plaintiff sued to recover a loss under a fire insurance policy.  Defendant answered, setting up an appraisal under the terms of the policy, by which plaintiff's loss was fixed at an amount very

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

much less than that claimed by plaintiff. To this defense plaintiff replied, attacking the appraisal as fraudulent and collusive. Defendant refused to accept the reply, as being unauthorized by the Code of Civil Procedure. On motion of plaintiff an order was entered at Special Term directing defendant to receive the reply, and from that order this appeal is taken.

The Code of Civil Procedure does not in terms authorize a voluntary reply by the plaintiff to new matter set up in an answer, unless the matter so set up is in its nature a counterclaim. Code Civ. Proc. §§ 514, 515. It does provide that where the answer sets up new matter, not by way of counterclaim, but by way of avoidance, the court may, in its discretion, on the defendant's application, direct the service of a reply to the new matter set up in the answer. Code Civ. Proc. § 516. At first blush there seems to be an anomaly in this situation, for plaintiff may be forced to do something for which there is no provision for voluntary action on his part. This anomaly is only seeming, for the Code has provided for the plaintiff fully under such circumstances. By section 522 it provides as follows:

"But an allegation of new matter in the answer, to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires."

It has been held that the meaning of this provision is that, when a defense by avoidance is set up in the answer, the facts of such defense are deemed to be denied, and, furthermore, that the plaintiff may meet such defense at the trial by any new matter by way of avoidance as fully as if he had pleaded such new matter. Mandeville v. Reynolds, 68 N. Y. 528; Arthur v. Homestead Fire Insurance Co., 78 N. Y. 462, 34 Am. Rep. 550; Keeler v. Keeler, 102 N. Y. 30, 36, 6 N. E. 678. Therefore, when the Code failed to provide for a voluntary reply from a plaintiff to a defense by way of avoidance, it deprived him of no substantial right or privilege existing under former systems of pleading, for at the same time it provided him with a full substitute. This substitute might inure to the disadvantage of the defendant, for he might go to trial well knowing that plaintiff might give evidence in avoidance of his defense, and yet not know in advance the form which such possible attack might take. For this possibility the Code likewise gave a remedy, for by section 516 it gave the court power to compel a reply to the defense, on the application of the defendant. With this situation in mind, the courts looked upon a voluntary reply by the plaintiff to a defense of avoidance set up in an answer as a useless, and therefore an irregular, pleading. Dillon v. Sixth Ave. R. R. Co., 46 Super. Ct. 21; Sterling v. Met. Life Ins. Co., 6 N. Y. St. Rep. 96; Avery v. N. Y. Cent. & H. R. R. R. Co., 6 N. Y. Supp. 918[1]; McRoy Clay Works v. Naughton, 84 App. Div. 477, 82 N. Y. Supp. 979.

A defendant cannot be compelled to accept an irregular pleading, notwithstanding that it may be to his advantage to do so. He may, at his own risk, prefer regularity of pleading. I find no authority to

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 53 Hun, 638.

the contrary, except in so far as the case of Sullivan v. Traders' Ins. Co., 169 N. Y. 213, 62 N. E. 146, may be so considered. In that case, however, the reply was not rejected, but, on the contrary, retained by the defendant. Subsequently it sought to treat the reply so served and accepted as a nullity. This, the court declared, could not be done. The court, however, was careful to point out, in the opinion of Haight, J., that no reply was necessary, as the plaintiff could have attacked the defense in the answer, by evidence of new matter, by way of avoidance, as fully without a reply as with a reply. The only purpose served by a reply in that case was to apprise the defendant of the nature of the attack which the plaintiff would make upon the defense set up in the answer. The question whether acceptance of the reply could have been compelled was not involved necessarily in that decision.

In this case, the learned Special Term felt that a voluntary reply was necessary to protect plaintiff's rights, because of a ruling declared in Townsend v. Greenwich Ins. Co., 39 Misc. 87, 78 N. Y. Supp. 897. That case was one very much like the case at bar. It was an action on an insurance policy. The defense was an appraisal under the terms of the policy. There was no reply. The plaintiff gave evidence to attack the appraisal on various grounds, one based upon fraud. The court directed a verdict for the defendant. On a motion to set aside the direction and for a new trial, it handed down an opinion. After stating that the evidence offered to prove fraud in the appraisal was wholly insufficient, it further stated as follows:

"There was no issue of fraud or mistake on the pleadings. The complaint did not seek to have the arbitration agreement annulled. It was simply a complaint in a common-law action to recover the amount of the policy."

And it then expressed the opinion that proof of fraud as an avoidance of the defense of an award by contract appraisal was not available under the pleadings. The judgment entered on that decision was affirmed by this court. Townsend v. Greenwich Ins. Co., 86 App. Div. 323, 83 N. Y. Supp. 909. But this court did not expressly nor impliedly adopt the views of the trial court on this question of pleading, but, as appears from its opinion, held that the evidence offered to prove fraud fell short of its purpose. The judgment of this court was affirmed subsequently. 178 N. Y. 634, 71 N. E. 1140. Nothing was actually decided in the Townsend Case inconsistent with the rule declared in the opinions above cited as to the proper construction of section 522 of the Code of Civil Procedure.

The reply served in this case was not necessary for the protection of plaintiff's rights in the way of meeting at the trial the defense of avoidance set up in defendant's answer. It not only did not injure the defendant, but apparently benefited it. Yet, as such a pleading has long been held to be irregular and unauthorized, the defendant should not be forced to accept it.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.