(173 App. Div. 349)

LINKER v. JAMISON et al.

(Supreme Court, Appellate Division, Second Department.  June 9, 1916.)

1. PLEADING &wkey;166—ALLEGATION NOT DENIED—ADMISSION.

In an action for damages for the death of plaintiff's decedent through defendants' alleged negligence, wherein defendants set up a general release made by decedent, and plaintiff served no reply, and the defendants made no application to compel the service of a reply, the plaintiff, on the trial, might meet the defense of a general release by traverse or avoidance, as the case required, under Code Civ. Proc. § 522; that is, she could offer evidence to avoid the release on equitable grounds.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. &wkey;166.]

2. TRIAL ☞3—SEPARATE TRIAL.

In an action for damages for the death of plaintiff's decedent through defendants' alleged negligence, in which plaintiff sought to avoid a general release pleaded by the defendant, the court, at Special Term, should direct a separate trial of the issue as to the general release.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ☞3.]

Appeal from Special Term, Kings County.

Action by Marcia Linker, as administratrix, etc., of Moses Linker, deceased, against William A. Jamison and others, copartners, etc. From an order denying defendants' motion for a special trial of the issue as to the general release, defendants appeal. Order reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Gaylord B. Van Kirk, of New York City, for appellants.
Anthony J. Ernest, of New York City, for respondent.

CARR, J. [1] This is an action to recover damages for the death of plaintiff's decedent through the alleged negligence of the defendant. The defendants set up a general release made by the decedent after the accident and before his death. The plaintiff served no reply, and the defendant made no application to the court to compel the service of a reply. As the case stood, when the trial was reached, the plaintiff might meet the defense of a general release "by traverse or avoidance, as the case requires." Code of Civil Procedure, § 522. In other words, she could offer evidence to avoid the release on equitable grounds. Davis Confectionery Co., Inc., v. Rochester G. Ins. Co., 141 App. Div. 909, 126 N. Y. Supp. 723; Mandeville v. Reynolds, 68 N. Y. 528; Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462, 34 Am. Rep. 550; Keeler v. Keeler, 102 N. Y. 30, 6 N. E. 678.

[2] The defendant moved for a separate trial of the issue as to the general release. The motion was denied, and the defendant appeals. This court has repeatedly declared the policy that under such circumstances, where the plaintiff seeks to avoid a general release pleaded by the defendant, the court at Special Term should direct a separate trial of the issues as to the general release. Warner v. Star Co., 162 App. Div. 458, 147 N. Y. Supp. 803; Arbutina v. Pittsburg Contracting Co., 168 App. Div. 280, 153 N. Y. Supp. 1027; Piuntkosky v. Harrington's Sons Co., 167 App. Div. 117, 152 N. Y. Supp. 902.

The order of the Special Term should be reversed, with $10 costs and disbursements, and the motion of the defendants should be granted, without costs. All concur.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes