ANNIE CARMOSIN, Respondent, v. THE NEW YORK CONSOLI-
DATED RAILROAD COMPANY, Appellant.

Second Department, November 25, 1921.

**Trial — action for negligence — defense of general release — separate and prior trial of issue of general release barred by undue laches.**

Where, in answer to an action for negligence, the defendant sets up a general release, and three years thereafter, while the jury is being selected for the trial, moves for a separate trial of the issue of general release, relief will be denied on the ground of undue laches.

APPEAL by the defendant, The New York Consolidated Railroad Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 11th day of December, 1920, denying defendant's motion for an order directing a separate and prior trial of the issues raised by the separate defense of general release, in an action to recover damages for injuries alleged to have been suffered by reason of the defendant's negligence.

W. Harry Sefton [George D. Yeomans with him on the brief], for the appellant.

John J. Welsh, for the respondent.

RICH, J.:

The accident in question occurred on February 24, 1917. The action was commenced by the service of the summons and complaint on March 17, 1917. The answer was served on April 6, 1917, and, among other things, alleged: " 1. That heretofore the plaintiff herein, for a valuable consideration, executed and delivered to this defendant an instrument in writing, wherein and whereby she forever released and discharged this defendant from all claims, demands or causes of action which she had or claimed to have against it, including the cause of action in the complaint herein set forth." Issue was joined, the case noticed for trial and it appeared on the day calendar on November tenth, eleventh, twelfth, sixteenth, twenty-ninth and thirtieth, on which last-mentioned date it was sent to Part IV for trial, and while jurors were being selected, the defendant for the first time requested a separate trial of the issue of general release. This motion was then made at Special Term on December 7, 1920, and resulted in the order appealed from.

While it is true that this court has declared in several cases that where the plaintiff seeks to avoid a general release pleaded by defendant, the court at Special Term should direct a separate trial of the issues as to the general release (*Linker* v. *Jamison*, 173 App. Div. 349), the cases were those in which there had not been undue laches, but in the instant case defendant saw fit to wait over three years before moving for a separate trial.

I am of the opinion, in view of the defendant's laches, that the discretion of the court at Special Term was properly exercised. It follows, therefore, that the order must be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.